UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL FRANCIS MOYNIHAN, JR.,

                    Plaintiff,

          v.

SWINOMISH TRIBAL POLICE
AGENCY,

                    Defendant.

CASE NO. C10-502 RSM

ORDER ON DISMISSAL

## I. INTRODUCTION

This matter comes before the Court on Motion to Dismiss brought by Defendant
Swinomish Tribal Police Agency ("Defendant") under Fed. R. Civ. P. 4(m) for failure to serve
the summons and complaint.  In the underlying suit, Plaintiff Moynihan ("Plaintiff"), who is
proceeding *pro se*, brought a claim alleging that Swinomish Tribal Police Officer detained him
without authority.  However, pursuant to U.S.C. 28 § 1915(e)(2)(B)(ii) concerning proceedings
*in forma pauperis*, a court shall dismiss a case at any time if the court determines that the action

fails to state a claim on which relief may be granted.  Therefore, the Court *sua sponte* addresses

dismissal under § 1915(e), and need not reach the issue of service under Rule 4.

## II. BACKGROUND

Plaintiff initially filed a Petition for Writ of Mandamus requesting that this Court order

Defendant to comply with Plaintiff's request for information under the Freedom of Information

Act ("FOIA").  In response, this Court issued an Order to Show Cause (Dkt. #6) explaining that

FOIA is applicable only to agencies of the federal government, and directing Plaintiff to show

cause why his petition should not be dismissed.  In response, Plaintiff filed a Complaint (Dkt.

#7), which this Court held to supersede the original pleading.  *See* Dkt. #8.

## III. DISCUSSION

Pursuant to § 1915(e)(2)(B)(ii) concerning proceedings *in forma pauperis*, a court shall

dismiss a case at any time if the court determines that the action fails to state a claim on which

relief may be granted.  Plaintiff's complaint alleges that a Swinomish Tribal Police Agent

detained him without authority.  Plaintiff seeks redress and damages arising from this alleged

wrongful detention.  As such, Plaintiff's action against the Swinomish Tribal Police Agency

seeks to impose liability under 42 U.S.C. § 1983.

In *Evans v. McKay*, the Ninth Circuit held that actions under § 1983 "cannot be

maintained in federal court for persons alleging a deprivation of constitutional rights under color

of tribal law."  869 F.2d 1341, 1347 (9th Cir. 1989).  In the case before this Court, Defendant, a

tribal police agency, was acting under color of tribal law.   In order to maintain an action under §

1983, a plaintiff must show "that the conduct complained of was committed by a person acting

under color of *state* law."  *Id*.  Plaintiff Moynihan has made no such showing.  Therefore,

Plaintiff cannot maintain a claim for wrongful detention against Defendant.

1    Moreover, Plaintiff again appears to request information pursuant to FOIA.  To the extent

2    that Plaintiff reiterates his request pursuant to FOIA, he does not cure the deficiencies previously

3    identified by the Court.  *See* Dkt. #6.  Finally, while the Court has difficulty construing the

4    remainder of Plaintiff's argument, Plaintiff has not stated any additional cognizable claims or

5    causes of actions.  "A district court lacks the power to act as [a] party's lawyer, even for *pro se*

6    litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) (internal citations omitted).

7    Moreover, "[a] *pro se* litigant proceeds with knowledge of the risk of litigating without legal

8    representation." *Id.*

## IV. CONCLUSION

9

10    The Court therefore finds that Plaintiff fails to state a claim, and as such this action is

11    dismissed under § 1915(e)(2)(B)(ii). Having reviewed the relevant pleadings and declarations,

12    and the remainder of the record, the Court hereby finds and ORDERS:

13    (1) This action is DISMISSED.  The Clerk is directed to close this case.

14    (2) All pending motions are moot, and are therefore terminated.

15    (3) The Clerk is directed to forward a copy of this Order to Plaintiff (*pro se*) and to all

16        counsel of record.

17

18    Dated May 6, 2011.

19

20

21    RICARDO S. MARTINEZ

22    UNITED STATES DISTRICT JUDGE

23

24